The Chief Justice
delivered the opinion of the court.
This was a bill in chancery with injunction to stay proceedings upon a judgment at law, obtained by the defendant against the complainant, upon a bond executed by the latter in 1793, in the state of Virginia, and payable in 1797, to the defendant’s intestate.
The bill alledges, in substance, as the ground of relief, that at the time of executing the bond, an article of part-aership was entered into between the complainant and the defendant’s intestate, whereby the latter agreed to ¿end to Bairdstown a store, and the former to find a hou»e and attend to the store, for which he was to receive *ne third of the profits: and that the intestate bound himself in the game article ' to furnish the complainant British debts to collect, upon commission, to the amount of $4,000; and stipulated, on his failure either to forward the merchandise or to furnish the. British debts for collection, never to demand the amount of the bond upon which the judgment at law has been obtained, and to release the same. That the intestate neither sent on the merchandise nor furnished the British debts for collection, and that the article of agreement has been lost by casualty by the person in whose custody it was placed for safe keeping. The defendant states, in his answer, that he has no personal knowledge of the transaction between his intestate and the complainant, but that he does not believe nor admit the material allegations upon which the complainant founds his claim to relief.
Upon a final hearing the court below, by their decree, made the injunction perpetual, and the defendant ha» brought the case to this court by writ of error.
That there was such an article executed by the parties, *220 containing such stipulations as arc alledged by the com* plainant, and that the article has since been lost or mislaid so that it cannot be found, are facts sufficiently established by the testimony in the cause; and assuming these facts to be true, there can be but little doubt of the correctness of the decree of the court below. ' The objection that the de-fence should have been made at law, and not in equity, certainly cannot he sustained; for waiving all other considerations which might tend to justify the interposition of a court of equity, the loss of the article is in itseif sufficient to entitle the complainant to the chancellors aid. Equally untenable too hr the objection that the stipulation on the part of the defendant’s intestate not to demand the amount, of the bond, and to release the same, upon which the judgment at law was recovered, was without consideration; for the article having been executed by both parties, and containing stipulations by each of them, those stipulations mu-tuallyjormed the consideration of each other. Besides, it appears front the testimony of the witnesses, that the stipulation on which the complainant’s defence is founded, %?as a material inducement to his execution of the bond on which the judgment at law was obtained.
Where a contract is subscribed by both parties, \and contains tnutual coven*Us, the co-vcn<;it on one side',is the cons sanation for the 'd)ve-iiant on ’the ether.
Hardin for plaintiff, Wickliffe and B. Hardin for defendant in error. '
'Decree affirmed with cost.